# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 2:11-cr-0095-RLH-RJJ |
| Plaintiff, | **O R D E R** |
| vs. | (Motion to Stay Execution of Judgment of Conviction Pending Appeal – #57) |
| TIMOTHY MORTENSEN, | |
| Defendant. | |

Before the Court is **Defendant Timothy Mortensen's Motion to Stay Execution of Judgment of Conviction Pending Appeal** (#57, filed Oct. 4, 2012 ). The Court has also considered the Government's Response (#58, filed Oct. 9, 2012). For the reasons discussed below, the motion is denied.

Defendant Mortensen, who was sentenced on June 14, 2012, to 120 months custody for receipt of child pornography, was permitted to self-surrender on August 17, 2012. On Defendant's motion, the Court postponed this deadline to November 16, 2012 so that Defendant could get his family and business affairs in order before beginning his sentence. In this interim, Defendant filed an appeal of his conviction with the Ninth Circuit. Defendant now seeks an indefinite stay of his surrender pending resolution of that appeal under 18 U.S.C. § 3143(b)(1).

Although detention is generally required, a release pending appeal may be granted when the Court finds that (1) the person found guilty is not likely to flee or pose a danger to any other person or the community, and (2) "the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in" reversal, a new trial, or a significantly reduced sentence. 18 U.S.C. § 3143(b)(1).  Defendant's reliance on this provision fails for two reasons. First, this provision is inapplicable to Defendant based on the crime for which he was sentenced. Second, even if the provision was applicable, Defendant has not presented a substantial question of law or fact likely to result in a reversal, new trial, or reduced sentence.  Accordingly, the Motion is denied.

To the first point, § 3143(b)(1) is subject to § 3143(b)(2), which requires detention when a person is found guilty of a "crime of violence." 18 U.S.C. §§ 3142(f)(1)(A), 3143(b)(2). The term "crime of violence" includes receipt of child pornography. 18 U.S.C §§ 2252A, 3156(a)(4).  Thus, when a person is convicted of receipt of child pornography, the release provision of 18 U.S.C. 3143(b)(1) is inapplicable and detention is mandatory.

Defendant asserts that he has not been charged with an offense listed in § 3142(f)(1). This simply is not true.  The receipt of child pornography is a crime of violence.  As such, § 3143(b)(2) is the controlling statute, not § 3143(b)(1).  Detention is mandatory while Defendant's appeal is pending.

To the second point, even if the § 3143(b)(1) did apply, Defendant has not articulated a substantial question of law or fact that would make the success of his appeal likely. In his Motion, Defendant asserts that he has found "several substantial questions" of law and fact. However, Defendant specifically provides only that "(a) he was not informed by counsel, nor himself was aware, of the special meaning attached to the term 'knowingly', and (b) that the [Defendant's] Memorandum presented at the change of Plea hearing did not contain wording sufficient for him to admit culpability."  These arguments are irrelevant. Defendant entered a plea whereby he admitted to knowingly receiving child pornography.  In doing so he represented that he

was competent, discussed his case with an attorney and was satisfied with his representation, understood that he was entitled to a trial, read the indictment and discussed it with counsel, understood all of the elements that the government would have to prove, and was aware of the potential punishment for his crime. The Court finds nothing in Defendant's averments that calls into question any of those representations. Thus, the Court cannot conclude that Defendant's appeal of his own guilty plea will likely succeed.

Additionally, Defendant has provided no basis for delaying the execution of his sentence. The Court has already granted an extension of the deadline so that Defendant could get his affairs in order to begin his sentence. The Court sees no reason, and the Defendant proffers no reason, to extend this deadline further.

IT IS THEREFORE ORDERED that Defendant Timothy Mortensen's Motion to Stay Execution of Judgment of Conviction Pending Appeal (#57) is DENIED.

Dated: October 10, 2012.

_____
**ROGER L. HUNT**
**United States District Judge**