**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| United States of America, | Case No.: 2:11-cr-00095-JAD-CWH |
| Plaintiff | |
| v. | **Order Denying Emergency Motion for Compassionate Release** |
| Timothy Loren Mortensen, | [ECF No. 97] |
| Defendant | |

Defendant Timothy Loren Mortensen moves for an early release from his 10-year term of imprisonment for receipt of child pornography because he is 70 years old and suffers from chronic medical conditions, putting him at greater risk of complications should he contract the COVID-19 virus.[1] I deny the motion because I do not find that compassionate release is warranted.

**Background**

In 2012, Mortensen pled guilty without a written plea agreement to receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2) and was sentenced to 120 months in custody followed by lifetime supervision.[2] At his plea hearing, he admitted that he knowingly possessed prepubescent child pornography on his computer and a spare hard drive and was trading it with others.[3] But the details of Mortensen's conduct are far more depraved. As the presentence investigation report revealed, Mortensen came to the attention of law enforcement because he was in an internet chat room, using the screen name "dadjohn4daughter" and

---

[1] ECF No. 97.
[2] ECF No. 40 (judgment).
[3] ECF No. 50 at 20–21 (transcript of 3/7/12 plea hearing).

soliciting whom he believed was a 15-year-old girl for sex. In that pursuit, Mortensen claimed that he had been having sex with his 14-year old daughter since she was 12 and also having sex with her 13- and 16-year-old friends, and he sent pictures and video clips containing child pornography.[4] A subsequent warranted search of his home uncovered hundreds of images of child pornography, some of which depicted children in bondage situations and some as young as three.[5] U.S. District Judge Roger Hunt sentenced Mortensen to 120 months in prison, based on a downward variance from the guideline range of 188–235 months, followed by a lifetime of supervised release.[6] Mortensen appealed but later voluntarily dismissed that appeal.[7] His 28 U.S.C. § 2255 motion was denied, and the Ninth Circuit Court of Appeal denied him a certificate of appealability.[8]

Mortensen is housed at the Federal Bureau of Prisons' (BOP) federal correctional institution in Texarkana, Texas.[9] His projected release date is May 31, 2021.[10] In a counseled motion, he asks for compassionate release because he is 70 years old and has chronic medical conditions including high blood pressure and heart problems, which put him at greater risk of complications should he contract the COVID-19 virus. He requests that the court reduce his sentence to time-served or otherwise modify his judgment to allow him to serve a portion of his

---

[4] ECF No. 101 at 2 (citing PSR ¶¶ 5–13).
[5] PSR ¶¶ 22–23.
[6] ECF No. 40.
[7] ECF No. 80.
[8] ECF Nos. 90, 95.
[9] https://www.bop.gov/inmateloc/ (last visited 5/19/2020).
[10] *Id*. Counsel states that, based on good-time credits, Mortensen "has served the equivalent of a 107-month sentence." ECF No. 97 at 2.

sentence at a halfway house.[11]  The government opposes the motion, arguing that Mortensen failed to fully exhaust the BOP's administrative process before filing his motion and, regardless, he has not presented a valid basis for release.[12]

**Discussion**

A sentencing court's ability to modify or reduce a sentence once imposed is seriously limited.[13]  The compassionate-release provision of 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018,[14] is an exception to this limitation.  It allows the sentencing judge to reduce a sentence based on "extraordinary and compelling reasons" after the defendant has failed to get the BOP to bring such a motion on his behalf.[15]  The court must consider the factors in 18 U.S.C. § 3553(a) "to the extent that they are applicable," and any sentence reduction must be "consistent with applicable policy statements issued by the Sentencing Commission."[16]  The court may entertain an inmate's request for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) only (1) "after [he] has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion" on his behalf or (2) after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."[17]

---

[11] ECF No. 97.

[12] ECF No. 101.  Mortensen filed a counseled reply at ECF No. 102.

[13] *See United States v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003) (exploring Federal Rules of Criminal Procedure 35 and 36); 18 U.S.C. § 3582(c).

[14] The First Step Act of 2018, § 603(b), Pub. L. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018).

[15] 18 U.S.C. § 3582(c)(1)(A)(i).

[16] *Id*.

[17] *Id*.

Assuming without deciding that Mortensen has exhausted the administrative process,[18] I deny his motion on its merits because he has not demonstrated that his compassionate release is warranted. Mortensen's reasons for wanting release are neither extraordinary nor compelling. Although the COVID-19 pandemic is undeniably grave and its impacts on every aspect of American life are unprecedented, it has not reached the inmate population at Mortensen's facility,[19] and the BOP has implemented a detailed COVID-19 response plan for federal inmates.[20] The mere possibility that COVID-19 will infiltrate an institution, even when combined with increased health-risk factors, falls far short of extraordinary and compelling reasons to reduce a sentence.

A sentence reduction for Mortensen is also independently unwarranted under the applicable § 3553(a) factors. As expected based on his lack of criminal history, Mortensen has been a model inmate during his more than seven years of incarceration. Indeed, his otherwise law-abiding lifestyle was taken into account when the sentencing judge granted him a generous downward variance.[21] The seriousness of his conviction and the events surrounding it, however, outweigh those § 3553(a) considerations when deciding whether Mortensen now deserves a further reduction. The predatory nature of this conduct by a man (then) in his late fifties cannot be overlooked and suggests that he remains a danger to the community—particularly its teenage

---

[18] *See* ECF No. 102 at 2 (reciting Mortensen's efforts to exhaust the process).

[19] The BOP's website is currently reporting zero COVID-19 cases in the inmate population at FCI Texarkana. *See* https://www.bop.gov/coronavirus/ (last visited 5/19/2020).

[20] https://www.bop.gov/coronavirus/covid19_status.jsp (last visited 5/19/2020).

[21] ECF No. 51 at 32 ("the guidelines would require the Court to sentence the defendant somewhere between 188 and 235 months. A variance has been suggested in consideration of the defendant's life, the life that he has led, he's been law-abiding, he has a stable marriage and family and I think that those things, also in consideration of his age, of his health at this age, all served to justify the variance that is recommended.").

girls. As the sentencing judge surmised, "the evidence would suggest that[,] had he not been detected or caught, Mr. Mortensen would have continued his activities."[22] The nature and circumstances of the offense; the history and characteristics of Mortensen; the need for the sentence to reflect the serious of the offense, provide just punishment, afford adequate deterrence, and protect the public from further crimes; and the kinds of sentences available all weigh against shaving a year off Mr. Mortensen's already reduced sentence.

## Conclusion

IT IS THEREFORE ORDERED that Defendant Timothy Loren Mortensen's Emergency Motion for Order Reducing Sentence or Modifying Judgment under 18 U.S.C. § 3582(c)(1)(A)(i) and Authorizing Any Remaining Portion of His Sentence to be Served on Home Confinement **[ECF No. 97] is DENIED.**

Dated: May 19, 2020

_____
U.S. District Judge Jennifer A. Dorsey

---

[22] ECF No. 51 at 32. The sentencing judge also rejected Mortensen's attempt to blame his crime on erectile dysfunction. *See id*. at 20 ("the argument seems to me being made by both the defendant and Mr. Roitman was that because he was facing this erectile dysfunction that this put him in a situation which led him to engage in this kind of behavior. I can understand a person who is having a hard time with his self-esteem, with his physical condition, turning to regular pornography to overcome that problem. We're talking here about child pornography, children under the age of 12. We're dealing with, in the Court's view, a very heinous crime.").

5